**11 CV 3710**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CHESKEL HERSKOVITZ, on behalf of himself
and the class defined herein,

                Plaintiffs,

v.

PETER T. ROACH AND ASSOCIATES, P.C.
and CITIBANK (SOUTH DAKOTA), N.A.
                Defendants.
-------------------------------------------------------X

**CLASS ACTION
COMPLAINT**



Plaintiff, Cheskel Herskovitz, by his attorney The Law Offices of Shimshon Wexler, P.C., as and for his complaint against the defendants, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Peter T. Roach And Associates, P.C. ("Roach") and Citibank (South Dakota) N.A. ("Citibank"). Plaintiff alleges violations of the federal law commonly known as the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). Plaintiff also alleges violation of the New York State General Business Law §349 ("GBL 349") for deceptive practices.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C.

§§1692d, 1692e and 1692f. The GBL §349 prohibits deceptive practices in the conduct of business.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, and 28 U.S.C. §1367(a).

4. Venue in this District is proper under 1391(b)(2) because the events giving rise to this lawsuit occurred within this district.

## PARTIES

5. Plaintiff, Cheskel Herskovitz ("Herskovitz"), is an individual who resides in Orange County, New York.

6. Defendant, Peter T. Roach And Associates, P.C., is a domestic professional corporation chartered under New York law with offices at 125 Michael Drive, Suite 105, Syosset, New York 11791.

7. Defendant, Citibank (South Dakota), N.A., is upon information and belief, a subsidiary of Citigroup, Inc. which is a publicly traded corporation chartered under Delaware law. Citigroup, Inc. has offices located at 399 Park Avenue in New York, New York. Citibank (South Dakota), N.A. has offices located at 701 East 60th Street North, Sioux Falls, South Dakota 57117.

8. Upon information and belief, Roach is a law firm engaged in the business of collecting debts.

9. Upon information and belief, Roach collects these debts which are alleged owed to others.

10. Roach is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

11. Roach is licensed by the New York City Department of Consumer Affairs as a debt collector.

12. Citi is an issuer of credit cards.

13. Citi uses law firms such as Roach to engage in collecting debts which have not been allegedly paid as per an alleged agreement.

## FACTS

14. On or about January 10th, 2011 plaintiff received a letter attempting to collect a debt, namely the account at issue in this action. See Exhibit A.

15. The letter stated "Balance Due: $3,800.91"

16. On or about February 10th, 2011 a complaint was filed, with an index number of 1787-2011, in the Supreme Court of the State of New York, County of Orange captioned "Citibank (South Dakota) N.A. –against- Cheskel Herskovitz" for $3,800.91 for various causes of action. The complaint stated that plaintiff "now owes a balance of $3,800.91, together with attorney's fees of $760.18." The complaint was signed by the law firm of Roach. See Exhibit B.

17. Upon information and belief, at least a portion of the balance which Roach was claiming was due for attorney's fees included fees which are not properly classified as attorney's fees.

18. Upon information and belief, included with the attorney's fees balance was a $45 fee which is not properly classified as an attorney's fee.

19. Without this fee being included in the attorney's fees balance, the attorney's fee balance would be $715.18.

20. At all relevant times Roach was acting in concert with Citibank (South Dakota) N.A. in order to collect this debt.

21. On or about March 3rd, 2011 plaintiff received a letter from Roach concerning the account which is the subject of this lawsuit which stated "Balance Due: $4,771.09". See Exhibit C.

22. This is a $970.18 increase over the amount that Citi sued for.

23. Roach stated that the attorney's fees of $760.18 was due at the time the lawsuit was filed.

24. Roach stated that in addition to the $760.18 that was due at the time the lawsuit was filed an index number fee of $210 was due when plaintiff received Exhibit C.

25. The Uniform City Court Act § 202 provides "the court shall have jurisdiction of actions and proceedings for the recovery of money.... where the amount sought.... does not exceed fifteen thousand dollars exclusive of interest and costs."

26. The lawsuit filed against Herskovitz could have been brought in a city court because it was seeking less than $15,000.

27. The Civil Practice Law and Rules ("CPLR") are the applicable rules for cases brought in the Supreme Court of the State of New York.

28. Because the action was brought against Herskovitz in the Supreme Court of the State of New York, the CPLR contains the applicable rules.

29. The CPLR § 8102 entitled "Limitation of Costs Where Action Brought in Higher Court" states that "A plaintiff is not entitled to costs:.....

2. In an action brought in the supreme court in a county not within the city of New York which could have been brought, except for the amount claimed, in any court of limited monetary jurisdiction in the county, unless he shall recover five hundred dollars or more."

30. When plaintiff received the letter from Roach on or about March 3rd, 2011 Citibank (South Dakota) N.A. had not recovered any money as Herskovitz still had time to respond to the complaint.

31. The letter nevertheless stated that he had a balance due of $4,771.09 which included the cost of plaintiff purchasing the index number.

32. Charging a defendant for the costs in an action which could have been brought in a court of lower monetary jurisdiction is directly not allowed by the statute unless $500 has been recovered.

33. Defendant's conduct was willful.

34. It is the policy of New York to have a money action brought in the lowest court jurisdiction competent to entertain it. This policy is effectuated by certain penalties and incentives delineated in CPLR § 8102 which does not allow costs in a situation such as this.

35. Under New York law, where attorney's fees are incurred in enforcing an agreement pursuant to which plaintiff is entitled to attorney's fees, the attorney's fees are owed only *after* final judgment is entered.

36. Under New York law, where an agreement provides for an award of attorney's fees to a party for its reasonable attorney's fees in enforcing an agreement, the

award of the attorney's fees must be given by the court and is never owed until the court enters judgment.

37. Under New York law, a request for legal fees requires presentation tendered by an appropriate affidavit or affirmation to the court of: (1) an agreement to pay such fees, and (2) an attorney's affirmation detailing the fee arrangement (3) an itemization of the services rendered on behalf of the plaintiff by the attorney. This statement should detail all the work done, including communications with the debtor, settlement discussions, prior payout arrangements, preparation of pleadings, initiation of suit, preparation of default judgment and any other work done (4) a statement as to the amount due to the attorney from the plaintiff were the plaintiff to collect on the judgment. This is normally given as a percentage and a total dollar amount. The affidavit or affirmation requires other information as well.

38. The agreement to pay legal fees must be submitted for, absent an agreement to pay such fees, an application for fees may not be granted by New York State courts.

39. In our situation, the court had not awarded attorney's fees to Roach.

40. Nevertheless, Roach claimed that reasonable attorney's fees were now owed by the plaintiff.

41. Defendant's conduct was willful.

42. Defendants sought to collect a financial obligation incurred for personal, family or household purposes, namely fees emanating from a personal credit card.

43. Exhibit A, Exhibit B and Exhibit C are standard form documents with only minor variations which variations do not affect the substance of the documents.

44. More than 50 examples of Exhibit A, Exhibit B and Exhibit C have been conveyed during the last 12 months.

45. More than 40 examples occurred where Citibank (South Dakota) N.A. has sued in the Supreme Court of the State of New York when there is a lower competent jurisdiction to hear the case in the past 3 years.

46. More than 40 examples occurred where Roach has sued for the plaintiff or a different creditor in the Supreme Court of the State of New York where there was a lower court of competent monetary jurisdiction to hear the case in the past in the past 3 years.

47. Exhibit A, Exhibit B and Exhibit C are conveyed to consumers with the knowledge and consent of defendants.

48. Documents in the form represented by Exhibit A, Exhibit B and Exhibit C are regularly conveyed to collect delinquent debts.

## CLAIMS FOR RELIEF

### COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**(Against Roach)**

49. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

50. The conduct of Roach in this case violates 15 U.S.C. §§1692, 1692e and 1692f.

51. Section 1692e entitled False or Misleading Representations provides: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.....

(2) The false representation of-

(A) the character, amount, or legal status of a debt.

(10) The use of any false representation or deceptive means to collect or attempt

to collect any debt.

Section 1692f entitled Unfair Practices provides:
A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

52. By acting as it did, Roach violated the above quoted provisions of the statute because it contained a falsely inflated balance.

53. By adding unlawful costs to plaintiff's balance Roach violated the above quoted provision of the statute.

54. By bundling other fees with the attorney's fees and representing the combined fees as only attorneys fees, Roach falsely stated the character, legal status and/or amount of the balance due on the account.

55. By bundling other fees with the attorney's fees and representing the combined fees as only attorneys fees, Roach falsely stated the character, legal status and/or amount of the attorney's fees.

56. As a result of the illegal conduct of Roach, plaintiff is entitled to $210 in actual damages as well as statutory damages pursuant to 1692k.

## COUNT II

## VIOLATIONS OF THE NEW YORK GENERAL BUSINESS LAW § 349

### (Against Roach and Citibank (South Dakota) N.A.)

57. Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as though fully stated herein.

58. The conduct of Roach and Citibank (South Dakota) N.A. in charging unlawful fees constitutes deceptive or materially misleading activity that is directed at consumers and caused consumers to suffer financial injuries of incurring wrongful fees and having increased debt.

59. As a result of the unlawful fees which the defendants willfully and intentionally imposed, plaintiff is entitled to damages pursuant to GBL § 349 of $50 plus $630 which is three times actual damages.

## CLASS ALLEGATIONS

60. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

61. The first class consists of (a) all individuals (b) with a New York address (c) who have had an action filed against them in a Supreme Court of the State of New York in any county (d) in which Roach is the attorney (e) where there was a court of lower monetary jurisdiction that was available to hear such dispute and (f) an index fee was imposed on the debtor prior to a judgment being entered for the plaintiff (g) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

62. The second class consists of (a) all individuals (b) with a New York address (c) who have had an action filed against them in a Supreme Court of the State of New York in any county (d) in which Citibank (South Dakota) N.A. is the plaintiff and/or in which Roach is the attorney for the plaintiff (e) where there was a court of lower monetary jurisdiction that was available to hear such dispute and (e) an index fee was imposed on the debtor prior to a judgment being entered for the plaintiff for the necessary amount of money to allow for such a fee (g) on or after a date three years prior to the filing of this action and on or before a date 20 days after the filing of this action.

63. The third class consists of (a) all individuals (b) with a New York address (c) who have had a case filed against them in a Supreme Court of the State of New York in any county (d) in which Roach is the attorney (e) where the complaint stated that the debtor "now owes....attorney's fees of...." (f) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

64. The classes are each so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of each class.

65. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether the actions of the defendants violate the FDCPA and/or the GBL 349.

66. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

67. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions, consumer law and FDCPA litigation.

68. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. individual actions are not economically feasible;

   b. members of the class are likely to be unaware of their rights;

   c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA and GBL § 349.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1) Statutory damages and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

Dated: New York, New York

May 27, 2011

                    **The Law Offices of Shimshon Wexler, PC**

                    By: _/s/ Shimshon Wexler_
                              Shimshon Wexler (SW0770)
                              Attorney for Plaintiff
                              2710 Broadway, 2FL
                              New York, New York 10025
                              Tel: (212)760-2400
                              Fax: (917)512-6132
                              swexler@collectorabuselaw.com

### **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                              _/s/ Shimshon Wexler_
                              Shimshon Wexler

# EXHIBIT A

**Peter T. Roach & Associates, P.C.**
Attorneys at Law
125 Michael Drive, Suite 105
Syosset, NY 11791

Telephone (516) 938-3100
Facsimile (516) 931-4403
www.roachlawfirm.com

NYC Department of Consumer Affairs License No: 1256302

CHESKEL HERSKOVITZ
2 KROLLA DR
MONROE NY 10950

RE:   Claimant: CITIBANK (SOUTH DAKOTA),
      Balance Due: $3,800.91
      Account Number: ************3671
      File Number: 10-03143
      Debt Type: CITI AADVANTAGE

January 7, 2011

DEAR CHESKEL HERSKOVITZ,

As you are aware, we have been retained as attorneys for the above listed claimant to secure payment of the outstanding balance due on the above listed account. We have made several attempts to reach you by phone to discuss the balance due. We understand that you may be having financial difficulties. Notwithstanding our prior demand for payment, we are willing to offer you options for repaying this debt within the parameters our client permits. If it is your intention to eventually pay this, perhaps you should consider the following options:

OPTION 1:   A settlement in an amount of $2,850.68 which can be made in multiple payments.

OPTION 2:   Monthly payments of $105.58 until your balance is paid in full or until you agree to settle this debt in another manner.

Please call us immediately to avoid being served with a summons and complaint which may result in a judgement being entered against you. If a judgment is entered against you it may include court costs, legal fees and interest accruing from the date the judgment is entered. We sincerely hope that you will call us immediately and take advantage of these options.

Please be advised that any settlement write-off over $600.00 may be reported to the Internal Revenue Service by our client.

Very truly yours,

Peter T Roach and Associates, P.C.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR
AND IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

# EXHIBIT B

COUNTY OF ORANGE,

-------------------------------------------------------------X

CITIBANK (SOUTH DAKOTA), N.A.,

               Plaintiff,

-against-

CHESKEL HERSKOVITZ,

               Defendant.

-------------------------------------------------------------X

**VERIFIED COMPLAINT**

Plaintiff, by its attorneys, PETER T. ROACH and ASSOCIATES, P.C., complaining of Defendant, respectfully alleges as follows:

FIRST: Plaintiff is a national banking association organized pursuant to Federal Law.

SECOND: Upon information and belief, the defendant, CHESKEL HERSKOVITZ, is an individual who resides or has an office in the county in which this action is brought.

## AS AND FOR A FIRST CAUSE OF ACTION

THIRD: That the parties hereto entered into a credit card agreement.

FOURTH: Plaintiff duly performed all conditions on its part under the agreement.

FIFTH: Upon information and belief, Defendant, CHESKEL HERSKOVITZ, defaulted in payment and pursuant to the terms of the agreement now owes a balance of $3,800.91, together with attorney's fees of $760.18, no part of which has been paid despite due demand thereof.

## AS AND FOR A SECOND CAUSE OF ACTION

SIXTH: Plaintiff repeats and realleges each and every allegation contained in paragraphs FIRST through FIFTH with the same force and effect as if fully set forth herein.

SEVENTH: That heretofore, Plaintiff rendered to Defendant, CHESKEL HERSKOVITZ, monthly, full and true accounts of the indebtedness owing by Defendant as a result of the above agreement, in an amount as hereinabove set forth which account statements were delivered to and accepted without objection by the defendant, CHESKEL HERSKOVITZ, resulting in an account stated in the sum of $3,800.91, no part of which has been paid despite due demand thereof.

WHEREFORE, Plaintiff demands judgment against Defendant, CHESKEL HERSKOVITZ, in the sum of $3,800.91, plus attorney's fees of $760.18, together with costs and disbursements.

PETER T. ROACH & ASSOCIATES, P.C.
ATTORNEYS FOR PLAINTIFF
125 Michael Drive, Suite 105, SYOSSET, NY 11791; 516-938-3100

## ATTORNEY VERIFICATION

The undersigned, an attorney admitted to practice in the courts of New York State, is an attorney with the law offices of Peter T. Roach & Associates, P.C., the attorneys for the plaintiff. Deponent has read the foregoing complaint and knows the contents to be true of his own knowledge, except as to matters alleged upon information and belief, and as to those matters he believes them to be true based upon letters, records and documents in his possession and communications with Plaintiff.

The Deponent has verified this pleading in accordance with C.P.L.R. § 3020 (D)(3). The undersigned affirms that the foregoing statements are true, under penalties of perjury.

DATED: February 8, 2011
Syosset, New York

PETER T. ROACH & ASSOCIATES, P.C.
BY: _____
TIMOTHY J MURTHA

Attorneys for Plaintiff
125 Michael Drive, Suite 105
Syosset, New York 11791
Telephone No.: (516) 938-3100

# EXHIBIT C

| | | |
|---|---|---|
| Peter T. Roach | **Peter T. Roach & Associates, P.C.** | *Of Counsel* |
| En-Chia Anna Lin<br>*Also admitted in New Jersey* | Attorneys at Law<br>125 Michael Drive, Suite 105<br>Syosset, NY 11791 | Scott A. Koltun<br>*Also admitted in California* |
| Timothy J. Murtha<br>*Also admitted in Connecticut* | | |

Telephone (516) 938-3100
Facsimile (516) 931-4403
www.roachlawfirm.com

NYC Dept. of Consumer Affairs License No: 1256302

CHESKEL HERSKOVITZ
2 KROLLA DR
MONROE NY 10950

RE:   Claimant: CITIBANK (SOUTH DAKOTA), N.A.
      Debtor: CHESKEL HERSKOVITZ
      Balance Due: $4,771.09
      Account Number: ************3671
      File Number: 10-03143
      Debt Type: CITI AADVANTAGE

February 28, 2011

DEAR CHESKEL HERSKOVITZ,

As you are aware, we have been retained as attorneys for the above-listed claimant to secure payment of the outstanding balance due on the above-listed account.

We understand that you may be having financial difficulties but are hopeful that you may soon receive a tax refund and wish to take advantage of the various options we offer to resolve this matter without further legal action.

OPTION 1:   A settlement in an amount of $2,300.50 which can be made in payments up to 12 months.

OPTION 2:   Monthly payments of $111.41 until your balance is paid in full or until you agree to settle this debt in another manner.

Please call us at your earliest convenience at (516) 938-3100 ext. 401. We are available weekdays from 8am to 9pm, Saturdays from 9am to 5pm, and Sundays from 10am to 1pm. Even if you are currently unable to afford either of these options, please call us! We will work with you in any way we are able.

Please be advised that any settlement write-off over $600.00 may be reported to the Internal Revenue Service by our client.

Very truly yours,

Peter T. Roach & Associates, PC

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR
AND IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**